## Wade et al. v. Lansdale School District

*Duffy, McTighe & McElhone,* for plaintiffs.
*Brunner & Conver,* for defendant.

FORREST, J., January 11, 1952.—The School District of the Borough of Lansdale filed its petition for the appointment of a jury of view in the exercise of its right of eminent domain, to condemn the following lots in the plan of East Lansdale: Nos. 1, 2, 4, 6, 8, 10 and 12 in block 20; Nos. 5, 6, 7, 8, 12, 13 and 14 in block 21; No. 7 in block 25, and Nos. 5, 7, 9, 11, 13 and 17 in block 26. All of these lots had been purchased by the county commissioners at various tax sales and by deed the county commissioners did "grant and convey unto" the School District of the Borough of Lansdale "only such interest in said lots acquired at the county treasurer's tax sales."

The various plaintiffs named in this petition for the appointment of a jury of view were the former record title owners and assessed owners and Paul M. Detwiler, the assignee of two mortgages which covered some of these lots.

Alice M. Detwiler, who holds a power of attorney executed by her husband, Paul M. Detwiler, filed the petition for a rule against the School District of the Borough of Lansdale, to show cause why its petition for a jury of view should not be dismissed.

By stipulation, the parties have agreed that the only question to be considered by us is whether the school district can condemn any of the lots contained in the commissioner's deeds; it being contended by petitioner, Detwiler, that it cannot condemn that which it already owns.

Before the resolution to condemn was made by the school board, the solicitor therefor ascertained the record title owners and assessed owners of the lots prior to the sales, and also the lien owners, and attempted to amicably purchase the outstanding interests of the record title holders and assessed owners and also attempted to come to an amicable agreement with the lien owners for the purpose of having the lots released from the said mortgages. In this he was not successful and the condemnation resolution was then adopted and this petition for the appointment of a jury of view was then filed. In due time the petition for dismissal of the petition for the appointment of a jury of view was filed.

The School Code, as amended, March 10, 1949, P. L. 30, 24 PS §7-721, et seq. provides:

"Whenever the board of school directors of any district cannot agree on the terms of its purchase with the owner or owners of any real estate that the board has selected for school purposes, such board of school directors, after having decided upon the amount and location thereof, may enter upon, take possession of, and occupy such land as it may have selected for school purposes, whether vacant or occupied, and designate and mark the boundary lines thereof, and thereafter may use the same for school purposes according to the provisions of this act."

Petitioner, Detwiler, contends that the school district could not comply with the requirement of this section, that it must first fail to "agree on the terms of its purchase from the owner or owners of real estate which the board has selected for school purposes," before proceeding with the condemnation, since it could not fail to agree with itself, it being the owner. This contention is based upon the premise that the school district is the owner. This has not been adjudicated by this or any other court. It cannot be absolutely

presumed that the school board had title; it only received what the commissioners had to grant and there is no assurance that the commissioners had any title.

Hunter v. McKlveen, 361 Pa. 479, 483 (1949):

"Since the validity of a tax sale is necessarily dependent on a valid assessment, . . . the sale is also void and no interest passed to the county as a result of it.

"Not only were the assessments invalid, but the deeds were also insufficient to pass title."

There the Supreme Court decided that the treasurer's deeds passed neither title nor interest to the county for two reasons: (1) Invalid assessments, and (2) indefinite descriptions. Therefore, there can be no absolute presumption of title in the school board predicated upon a treasurer's deed to the county or upon the county's deed to the board. Therefore, the premise on which petitioner Detwiler has predicated her case falls and the whole contention crumbles, it having no basis.

How can it be said that this case differs from one where there was an actual controversy between the record title owners and assessed owners? Certainly in the latter case, condemnation would be the appropriate remedy.

Since, as we have seen, a tax sale does not give absolute title, the school district was correct in joining in all possible claimants. It hardly behooves assignee petitioner to say that there is no such outstanding title, since he cannot add or detract therefrom, and neither is he interested in this phase so far as the lien of his mortgage is concerned. His only possible purpose in filing this petition is to defeat this condemnation procedure, in which, albeit, his interest will be protected.

And now, January 11, 1952, the rule to show cause why the petition for the appointment of a jury of view

should not be dismissed is discharged. The jury of view, consisting of Thomas F. Doran, Esq.; Horace H. Smith and Edgar D. Paul, having been appointed by decree dated June 4, 1951, by Dannehower, J., Friday, February 8, 1952, at 1 p.m. (E.S.T.) (which time is not less than 10 nor more than 30 days after this appointment) is fixed as the time for hearing when they shall view the premises which are particularly described in the petition; of which time and place five days' notice shall be given by petitioners to the viewers and other parties interested. If, on account of non-residence, or for any other reason, personal notice cannot be given, notice shall be given of such view by registered letter and by advertising once a week for three weeks in the Montgomery County Law Reporter, the North Penn Reporter and the Philadelphia Inquirer.